UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENTON D. THOMPSON,

    Plaintiff,

v.

DANIEL L. WILLIAMS, *et al*,

    Defendants.

Case No. C06-5476FDB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #30). Plaintiff has been granted *in forma pauperis* status in this case. After reviewing the motion, defendants' response thereto and the balance of the record, the Court finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity

ORDER
Page - 1

of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff states in his motion that he has not alleged a frivolous or malicious claim, that because he is incarcerated out of state, his ability to investigate the facts of his case are significantly hindered, the claims in his complaint raise complex factual and legal issues, he is unable to pay attorney's fees due to his indigent status, both he and the Court will benefit from the assistance of counsel, and the absence of counsel likely will have a prejudicial impact on the minds of a jury, should this case go to a jury trial.

The reasons put forth by plaintiff, however, do not constitute exceptional circumstances. Rather, they largely are those applicable to other prisoners, including those incarcerated out of state. In addition, plaintiff has not shown the facts or legal issues he raises are necessarily complex. Plaintiff also has not shown a likelihood of success on the merits or that he is unable to articulate his claims *pro se*. Indeed, plaintiff's ability to do so is shown not only by the fact that he submitted a forty-four page complaint, including attachments, but also already has filed several motions in this case.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #30) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 1st day of March, 2007.

Karen L. Strombom
United States Magistrate Judge