1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10

BRENTON D. THOMPSON,

11
                                      Case No.  C06-5476FDB-KLS
                    Plaintiff,

12                                    REPORT AND
          v.                          RECOMMENDATION

13
DANIEL L. WILLIAMS, *et al*.,         Noted for May 11, 2007

14
                    Defendants.

15

16       This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§

17  636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  This matter

18  comes before the court on plaintiff's motion for summary judgment. (Dkt. #27).  Having reviewed

19  plaintiff's motion, defendants' response thereto, plaintiff's reply to defendants' response, and the remaining

20  record, the undersigned submits the following report and recommendation for the Honorable Franklin D.

21  Burgess' review.

22                                    DISCUSSION

23       Plaintiff filed his complaint with this Court on August 21, 2006. (Dkt. #1).  He was granted *in*

24  *forma pauperis* status on October 17, 2006 (Dkt. #4), and service of his complaint was ordered that same

25  day (Dkt. #6).  Defendants filed their answer on December 19, 2006. (Dkt. #23).  On December 29, 2006,

26  the Court issued a pretrial order setting a deadline of May 29, 2007, by which all discovery was to be

27  completed, and a deadline of June 29, 2007, by which all dispositive motions were to be filed. (Dkt. #25).

28  On January 22, 2007, plaintiff filed his motion for summary judgment.

REPORT AND RECOMMENDATION
Page - 1

1    Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no

2  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

3  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c).  When a motion for summary judgment is

4  supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or

5  denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must

6  set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

7    In his motion for summary judgment, plaintiff asserted there were no genuine issues of material fact

8  as to his right to freely exercise his religion and to the equal protection of the law, and he was entitled to

9  judgment as a matter of law.  In their response, defendants countered that no discovery yet had been

10  conducted in this matter, and that they required time to conduct reasonable discovery in order to be able to

11  respond to plaintiff's motion.  Relying on Fed. R. Civ. P. 56(f), defendants argued plaintiff's motion was

12  premature, and thus should be denied or continued until such time as reasonable discovery could be made.

13    Fed. R. Civ. P. 56(f) reads as follows:

14  **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party
    opposing the motion that the party cannot for reasons stated present by affidavit facts

15  essential to justify the party's opposition, the court may refuse the application for
    judgment or may order a continuance to permit affidavits to be obtained or depositions

16  to be taken or discovery to be had or may make such other order as is just.

17  The Court in its order, dated March 1, 2007 (Dkt. #37), thus noted that defendants were correct that Fed.

18  R. Civ. P. 56(f) provides for dismissal or continuance of a summary judgment motion to allow for proper

19  discovery to be had.  The Court further noted, however, that Fed. R. Civ. P. 56(f) expressly states that the

20  party opposing the motion must present by affidavit the facts essential to justify opposition.

21    Because defendants had not presented the affidavit so required, the Court ordered them to do so.

22  The Court also gave plaintiff an opportunity to reply to any such affidavit defendants filed.  On March 6,

23  2007, defendants filed the proper affidavit in the form of a declaration (Dkt. #38), and plaintiff replied

24  thereto (Dkt. #39).  While plaintiff argues summary judgment should be granted in his favor based on the

25  statements he made in his motion and complaint, it is not unreasonable to allow defendants sufficient time

26  to complete discovery in order to properly respond to his allegations.  Indeed, this is expressly what Fe. R.

27  Civ. P. 56(f) contemplates, and, as explained below, one of the primary the reasons as to why discovery is

28  permitted by the Federal Rules of Civil Procedure.

1    Plaintiff further asserts defendants have no need to conduct any discovery in this matter, because

2  the statements and information he has provided is all that is needed for the Court to decide the issues he

3  raised in his complaint.  In addition, plaintiff argues he should be granted summary judgment, because

4  defendants have not presented anything that would create a genuine issue of material fact.   It remains to be

5  seen, however, whether plaintiff ultimately has presented sufficient evidence to support his claims.  Indeed,

6  the purpose of discovery is to allow the parties to discover facts that allow them to support their arguments

7  and positions.  It is not surprising, therefore, that defendants would not be able to present much in the way

8  of a defense without being able to conduct discovery.

9    Accordingly, plaintiff's motion for summary judgment (Dkt. #27) should be denied.  As noted

10  above, the discovery deadline in this case currently is set for May 29, 2007, with all dispositive motions

11  due June 29, 2007.  Thus, while plaintiff's current motion for summary judgment should be denied at this

12  time, this does not prevent him from re-filing such a motion upon completion of the period provided for

13  discovery in this matter, should he choose to do so.

14                                        CONCLUSION

15    Based on the foregoing discussion, the undersigned recommends that the Court DENY plaintiff's

16  motion for summary judgment. (Dkt. #27).

17    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the

18  parties shall have ten (10) days from service of this Report and Recommendation to file written objections

19  thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for

20  purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by

21  Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **May 11, 2007**, as noted in

22  the caption.

23    DATED this 13th day of April, 2007.

24

25

26                                     _Karen L. Strombom_
                                       Karen L. Strombom
27                                     United States Magistrate Judge

28

REPORT AND RECOMMENDATION
Page - 3